IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NATIONAL FEDERATION OF INDEPENDENT
    BUSINESS; TEXAS ASSOCIATION OF
    BUSINESS; LUBBOCK CHAMBER OF
    COMMERCE; NATIONAL ASSOCIATION
    OF HOME BUILDERS; TEXAS ASSOCIATION
    OF BUILDERS,

            Plaintiffs-Appellees,

STATE OF TEXAS; STATE OF ARKANSAS;
    STATE OF ALABAMA; STATE OF INDIANA;
    STATE OF MICHIGAN; STATE OF
    OKLAHOMA; STATE OF SOUTH
    CAROLINA; STATE OF UTAH; STATE OF
    WEST VIRGINIA; STATE OF WISCONSIN,

            Intervenor Plaintiffs-Appellees,

                    v.

R. ALEXANDER ACOSTA, SECRETARY, U.S.
    DEPARTMENT OF LABOR; ANDREW D.
    AUERBACH, Acting Director, Office of Labor
    Management Standards, Department of Labor;
    UNITED STATES DEPARTMENT OF LABOR,

            Defendants-Appellants.

No. 17-10054

**MOTION TO HOLD CASE IN ABEYANCE**

## MOTION TO HOLD CASE IN ABEYANCE

This case involves a challenge to a rule issued by the Department of Labor.  The district court issued a nationwide injunction against the rule, and the government appeals.  The Department of Labor has initiated a new rulemaking process in which it proposes to rescind the rule.  Accordingly, the government respectfully requests that this case be held in abeyance, with the parties to file motions to govern further proceedings at the end of six months, or 30 days after a final rule issues, whichever is sooner.  Counsel for the intervenor States have authorized us to represent that the States do not oppose this motion.  Counsel for the private plaintiffs has informed us that the private plaintiffs oppose the motion and intend to file a written opposition.

## STATEMENT

1.  This case involves a challenge to a final rule that the Department of Labor promulgated on March 24, 2016.  *See* Interpretation of the "Advice" Exemption in Section 203(c) of the Labor-Management Reporting and Disclosure Act, 81 Fed. Reg. 15,924 (Mar. 24, 2016).  The rule interpreted provisions of the Labor-Management Reporting and Disclosure Act of 1959, Pub. L. No. 86-257, 73 Stat. 519, that require employers and

labor relations consultants to disclose certain information about their

relationships.  On June 27, 2016, the district court entered a preliminary

injunction against implementation of the rule.  The government filed a

notice of appeal, but while the appeal was pending, the district court

granted summary judgment to plaintiffs (and to a group of States that had

intervened in support of plaintiffs).  The court then entered final judgment,

stating that the Department of Labor's final rule "is held unlawful and set

aside" and that the government is "permanently enjoined on a national

basis from implementing any and all aspects of" the rule.  This Court then

dismissed the preliminary-injunction appeal as moot.  *See Nat'l Fed'n of*

*Indep. Bus. v. Perez*, No. 16-11315 (5th Cir. Dec. 19, 2016).  The government

filed a notice of appeal from the district court's new rulings, which gave

rise to the present appeal.[1]

    2.  The original deadline for the government's opening brief was

April 17, 2017.  The government sought a 60-day extension of that deadline

---

[1] After entering final judgment, the district court issued an order
awarding fees and costs to plaintiffs.  The government filed a notice of
appeal from that order on March 17, 2017.  The government's opening brief
in that appeal is currently due on June 22, 2017.  *See Nat'l Fed'n of Indep.*
*Bus. v. Acosta*, No. 17-10328 (5th Cir.).

(through and including June 16, 2017) because new leadership was arriving at the agency and required time to assess the issues raised by this litigation. This Court granted a 30-day extension.  The government then sought a second 30-day extension (through and including June 16, 2017).  This Court granted the motion and stated that no further extensions would be granted.

3.  The Department of Labor has now considered the issues and determined that it wishes to engage in notice-and-comment rulemaking to revisit the rule at issue in this appeal.  Accordingly, the Department of Labor has drafted a notice of proposed rulemaking entitled "Rescission of Rule Interpreting 'Advice' Exemption in Section 203(c) of the Labor-Management Reporting and Disclosure Act," and submitted it to the Office of Information and Regulatory Affairs (OIRA) within the Office of Management and Budget for review and approval.[2]  We anticipate that the notice of proposed rulemaking will be published in the Federal Register within the next several weeks, with the Department of Labor having

---

[2] *See* Office of Information and Regulatory Affairs, Office of Management and Budget, Reginfo.gov, https://www.reginfo.gov/ public/do/eoDetails?rrid=127373.  OIRA is the entity responsible for coordinating interagency Executive Branch review of regulations and ensuring compliance with Executive Order 12866.  *See* Executive Order 12866.

requested expedited review, and we will inform the Court when the proposed rule is published and the public comment period begins.

## ARGUMENT

A period of abeyance is warranted to allow the Department of Labor to complete its orderly rulemaking process, which may narrow the issues or eliminate the need for this Court's review.

Courts, including this Court, have often held cases in abeyance when an agency was actively reconsidering an action that was on review in the court of appeals. *See*, *e.g.*, *Southwestern Elec. Power Co. v. U.S. EPA*, No. 15-60281 (5th Cir. Apr. 24, 2017) (granting opposed motion to stay further proceedings for 120 days while agency reconsidered rule, with the government to file a motion to govern further proceedings at the end of that period); *American Petroleum Inst. v. EPA*, 683 F.3d 382, 384 (D.C. Cir. 2012) (placing a case in abeyance because the agency had "issued a notice of proposed rulemaking that, if made final, would significantly amend" the challenged agency action); *City of Arlington v. FCC*, 668 F.3d 229, 236 (5th Cir. 2012) (noting that Court had held petition in abeyance while agency was addressing reconsideration motion); *Sierra Club v. EPA*, 551 F.3d 1019, 1023 (D.C. Cir. 2008) (holding case in abeyance while rule was being

4

reconsidered); *New York v. EPA*, No. 02-1387, 2003 WL 22326398 at *1 (D.C. Cir. 2003) (same).

In *American Petroleum Institute*, for example, the Environmental Protection Agency had proposed a change in position that would, if adopted, moot the case. The court held, over the objection of the party challenging the rule, that the case should be held in abeyance. The court explained that the court might never need to resolve the case in light of the proposed rule, and that the petitioner had a renewed opportunity to persuade the agency to adopt its position. *American Petroleum Inst.*, 683 F.3d at 388. If the agency adopted a policy in line with the proposed rule, the case would "go[] away without the need for judicial review." *Id.*

The court stated that the "institutional interests in the deferral of review" could be outweighed only by "hardship caused by that deferral" that was "immediate and significant." *American Petroleum Institute*, 683 F.3d at 389 (quotation marks omitted). The court concluded that even though the party seeking immediate review might suffer "some financial hardship," that hardship would not justify immediate review. *Id.* at 390.

These principles apply with full force in this case, where the agency is reconsidering the rule at issue. And in this case, deferring review would

inflict no hardship at all. The district court has issued a nationwide injunction against enforcement of the rule, and the injunction would remain in force while the agency reconsidered the rule. Even if this Court were ultimately required to resolve the issues presented in this appeal, the delay would not prejudice plaintiffs or intervenors.

Abeyance is also warranted because, in the absence of abeyance, the Department of Justice would be required either to file a brief defending the rule that the Department of Labor is currently reevaluating, or to withdraw the appeal before the agency has had the opportunity to complete its deliberations regarding the rule. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735-36 (1998) ("[F]rom the agency's perspective, immediate judicial review . . . could hinder agency efforts to refine its policies" and "interfere with the system that Congress specified for the agency to reach forest logging decisions"). A period of abeyance would allow the Department of Labor to consider any comments submitted in response to the notice of proposed rulemaking, formulate a policy position, and then work with the Department of Justice to determine how to proceed with this appeal.

For the foregoing reasons, we respectfully request that this Court place the case in abeyance for a period of six months, or until thirty days after the issuance of a final rule, whichever is sooner. We respectfully request that at the end of that period, the parties be permitted to file motions to govern further proceedings. Depending on the status of the rulemaking process, the parties could seek to have the abeyance extended for an additional period, to set a new briefing schedule, or otherwise to dispose of this appeal.

Respectfully submitted,

HASHIM M. MOOPPAN
  *Deputy Assistant Attorney General*

JOHN R. PARKER
  *United States Attorney*

MICHAEL S. RAAB

 *s/ Daniel Tenny*
DANIEL TENNY
SARAH CARROLL
(202) 514-1838
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Room 7215*
  *Washington, D.C.  20530*

JUNE 2017

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume

requirements of Rule 27(d)(2)(A).  This motion contains 1,335 words.


*s/ Daniel Tenny*
Daniel Tenny

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.  Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.


*s/ Daniel Tenny*
Daniel Tenny